UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

| | |
|---|---|
| SCOTT DOUMAS, ) | |
| ) | |
|    Petitioner, ) | Civil No. 5:20-498-HRW |
| ) | |
| v. ) | |
| ) | |
| FRANCISCO QUINTANA, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
|    Respondent. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Scott Doumas is an inmate at the Federal Medical Center (FMC) in Lexington, Kentucky. Proceeding without an attorney, Doumas recently filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D. E. No. 1]. While Doumas's submission is difficult to follow, at bottom, he suggests that the Bureau of Prisons (BOP) has run afoul of the First Step Act, which was enacted in December 2018, as well as other provisions of federal law, by improperly calculating his release date. (*See id.*). Doumas's petition is now before the Court on initial screening pursuant to 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

The Court has fully reviewed Doumas's petition, but it will deny his request for habeas relief at this time. That is because Doumas has not yet fully exhausted his administrative remedies regarding the matter raised in his petition, as required

1

before seeking § 2241 habeas relief. *See Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013). Indeed, Doumas makes it clear that he only communicated about the issue with his case manager and certain officials at FMC – Lexington, such as the Warden via a BP-8 Form recently completed in September 2020. [*See* D. E. No. 1-1 at 3-5, 7, 9-10; D. E. No. 1-8). But that does not constitute full exhaustion, despite Doumas's suggestion otherwise. [*See* D.E. No. 1-1 at 9-10].

Under the law, there is a multi-tiered administrative grievance process within the BOP. If a matter cannot be resolved informally via the BP-8 Form, the prisoner must file an Administrative Remedy Request Form (BP-9 Form) with the Warden, who has 20 days to respond. If the prisoner is not satisfied with the Warden's response, he may use a BP-10 Form to appeal to the applicable Regional Director, who has 30 days to respond. If the prisoner is not satisfied with the Regional Director's response, he may use a BP-11 Form to appeal to the General Counsel, who has 40 days to respond. *See* 28 C.F.R. §§ 542.14, 542.15, and 542.18. Once the prisoner has fully exhausted his administrative remedies, he may then file an action in federal court.

Here, it is clear from Doumas's submission that he has not yet fully completed the BOP's administrative grievance process.[1] And while Doumas repeatedly claims

---

[1] Doumas does say at one point that the Warden "ignored" his BP-8 Form "even though I have exhausted my administrative remedies." [D. E. No. 1-1 at 10]. But, as the Court has pointed out, the exhaustion process starts with the BP-8 Form; it does not end with it. And even if Doumas is

2

that the grievance/administrative remedy process is "not applicable" to him [*see* D. E. No. 1 at 2-3] and that his petition "is exempt from exhaustion requirements" [*see* D. E. No. 1-1 at 10], he cites no binding legal authority that supports this position. If anything, this Court has recently made it clear that full administrative exhaustion *is* required, including in cases involving sentence-calculation claims and the First Step Act. *See Travis v. Beard*, No. 0:20-cv-145-HRW, at Doc. #4 (E.D. Ky. Dec. 2, 2020). Therefore, the Court will deny Doumas's petition at this time.

Accordingly, it is **ORDERED** as follows:

1. Doumas's current petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1] is **DENIED** without prejudice to his right to file a new action once he has fully exhausted his administrative remedies.

2. All pending motions are **DENIED** as moot.

3. This action is **STRICKEN** from the Court's docket.

4. The Court will enter a corresponding Judgment.

This 4th day of January, 2021.



Signed By:
Henry R Wilhoit Jr.
United States District Judge

---

correct that the Warden failed to respond to his BP-8 Form, that would simply amount to "a denial at that level," 28 C.F.R. § 542.18, meaning that Doumas should proceed to the next steps in the administrative exhaustion process (i.e., the BP-9 Form, then the BP-10 Form, and so on).